UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LifeVoxel.AI. Inc.,** | : | |
| | : | **CASE NO: 3:23-CV-00534** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **Kishore Mamillapalli,** | : | |
| | : | |
| Defendant. | : | **July   27, 2023** |

**PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND/OR THE APPOINTMENT OF AN ARBITRATOR**

I.      Introduction

The Plaintiff, LifeVoxel AI Inc. ("LifeVoxel") respectfully moves this court to compel the defendant, Kishore Mamillapalli ("Kishore"), participate in arbitration pursuant to § 4 of the Federal Arbitration Act, 28 U.S.C. § 1 et seq. ("FAA"), and/or to appoint an arbitrator in the event that Kishore will not participate in the contractually required selection process.

II.     Factual and Procedural Background

There is no dispute that LifeVoxel employed Kishore pursuant to a written Employment Agreement, dated January 31, 2022.   A true and accurate copy of the Employment Agreement has previously been submitted by Kishore and a copy is attached hereto as Appendix 1 to the Declaration of Joseph P Sargent, dated July 27, 2023 ("Sargent Declaration").

Section 14(a) of the Employment Agreement provides that the parties agreed to arbitrate:

> all disputes that may arise in connection with, arising out of o or in any way
> broadly relates to this Agreement, or any dispute that relates in any way, in whole
> or  in part to Employees hiring by, employment with or separation from the

Company, or any other dispute by and between the Employee, on the one hand and the Company, its parent, subsidiary and affiliated corporations and entities, and each of their respective officers, directors, agents and employees, on the other hand, shall be submitted to binding arbitration before a neutral arbitrator.

Section 14(d) provides the "arbitration shall take place in Fairfield Co., Connecticut." Section 14(d) also provides that "the arbitration shall be conducted in accordance with the American Arbitration Association Rules & Mediation Procedures." A copy of the American Arbitration Association ("AAA") Employment Arbitration Rules and Mediation Procedures (the "AAA Rules") are attached to the Sargent Declaration as its Appendix 2.

Rule 1 of the AAA Rules provides:

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its Employment Arbitration Rules and Mediation Procedures or for arbitration by the AAA of an employment dispute without specifying particular rules

With respect to the initiation of an arbitration, Rule 4(b) provides, in pertinent part, "[t]he initiating party (hereinafter "Claimant[s]") shall: (1) File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations." Rule 6(a) of the AAA Rules, captioned "Jurisdiction" provides The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

Section 14(d) provides that the "parties shall select a mutually agreeable arbitrator (who shall be a retired judge) from a list of arbitrators provided by JAMS, ADR Services, ARC or Judicate West."

LifeVoxel initiated an arbitration pursuant to the AAA rules and procedures on December 17, 2022, and the matter was assigned 01-22-005-3094. Pursuant to the arbitration provisions, the demand requested the arbitration take place in Fairfield County, Connecticut.

Kishore filed an "Opposition to Petition To Compel Arbitration on June 8, 2023 (Doc.11). The Opposition is focused on the underlying dispute, with the exception of an assertion that the arbitration should go forward in California pursuant to California Labor Code § 925. On June 23, 2023, the Court ordered Kishore to file an answer to the plaintiff's complaint (Doc. 12).  In his Answer, Kishore admits that he signed the Employment Agreement which compels the party to engage in arbitration to resolve all disputes.  Doc.12 at ¶ 4. He admits that the Employment Agreement provides that the AAA rules and procedures apply. Doc. 12 at ¶ 8. He admits that the arbitration provisions require the parties to mutually select an arbitrator. Doc. at 9. He admits that there is a dispute as to the location of the arbitration because the agreement provides for Fairfield County, and Kishore requests the arbitration take place in California. Doc. 12 at ¶ 13. Kishore admits LifeVoxel sent an email proposing four retired judges from JAMS asking his attorney if he agreed to those names, if not, asking them to provide a list of their own agreeable arbitrators. Doc. at ¶ 19.  Kishore admits that he did not respond. Doc. ¶ 20. In paragraph 26 of his Answer, Keisha repeated his demand that the arbitration go forward in California. Doc. at ¶ 26.

### III.   LAW AND ARGUMENT

   a. **Legal Standard to Compel Arbitration**

Congress enacted the Federal Arbitration Act, 9 U.S.C. Sections 1 et seq., to codify a strong national policy in favor of arbitration. Courts confronted with a dispute between parties subject to arbitration must "construe arbitration clauses as broadly as possible." *S.A. Mineracao de Tridade-Samitri v. Utah Int'l. Inc*., 745 F.2d 190, 194 (2d Cir. 1984). "Arbitration should be

ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *McMahan Securities Co. L.P. v. Forum Capital Markets L.P.*, 35 F.3d 82, 88 (2d Cir. 1994). In evaluating a motion under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)

Section 2 of the Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA requires the courts to stay litigation of arbitrable claims pending arbitration of those claims, and Section 4 requires courts to compel arbitration in accordance with the terms of the agreement upon motion of either party to the agreement.

The Court must consider two issues: (1) whether the parties agreed to arbitrate; and (2) whether the scope of the arbitration clause covers the asserted claims. *Mehler v. Terminix Int'l Co., L.P.*, 205 F.3d 44, 47 (2d Cir. 2000).

  b. **The Parties Agreed to Arbitration**

Kishore agrees that he signed the Employment Agreement which included the arbitration provisions. To date he has not challenged the validity of the agreement.

  c. **The Scope of the Arbitration Provision is Very Broad**

The Employment Agreement provides, in pertinent part:

> all disputes that may arise in connection with, arising out of or in any way broadly relates to this Agreement, or any dispute that relates in any way, in whole or in part to Employees hiring by, employment with or separation from the Company, or any other dispute by and between the Employee, on the one hand and the Company, its parent, subsidiary and affiliated corporations and entities, and each of their respective officers, directors, agents and employees, on the other hand, shall be submitted to binding arbitration before a neutral arbitrator.

The employment dispute between Kishore and LifeVoxel is plainly covered by the broad provisions of the agreement. So are any disputes arising from conduct before or after his employment or relating to any interest he claims as a shareholder or investor.

To the extent that there is a dispute as to the location of the arbitration between the parties' contractually selected location, Fairfield County Connecticut and California, or the applicability Connecticut law or of California Labor Code § 925, those disputes, like all others, has unmistakably and clearly been delegated to the arbitrator. The arbitration provisions in this case adopted the AAA Rules, and Rule 6 of the AAA Rules provides an unmistakably and clear consent to dedicate a dispute over arbitrability to the arbitrator. The Second Circuit has found that incorporation into an arbitration agreement of procedural rules that use this same language as used in Rule 6 of the AAA Rules was sufficiently "unmistakable and clear" evidence of an intent to arbitrate arbitrability. *See Contec Corp. v. Remote Solution, Co., Ltd*., 398 F.3d 205, 208 (2d Cir.2005) (finding that the parties' incorporation of rules into the arbitration agreement that "empower an arbitrator to decide issues of arbitrability" constituted "clear and unmistakable" evidence of their intent to delegate questions of arbitrability to an arbitrator) (citation omitted); *See also Considine v. Brookdale Senior Living, Inc*., 124 F.Supp.3d 83, 90-91 (D. Conn. 2015)  If the parties delegated the authority to determine the arbitrability to the arbitrator, they also delegated the determination of the dispute with respect to whether the contractual provisions agreeing that the location of the arbitration will be in Connecticut, and Connecticut law applies, and the potential applicability of California Labor Code § 925.

## IV. Conclusion

The parties executed the Employment Agreement which included the arbitration provisions. LifeVoxel has followed the AAA Rules and properly submitted a demand for arbitration. LifeVoxel has, in good faith, participated in the selection of an arbitrator. LifeVoxel therefore moves this court to order the Defendant to participate in selecting an arbitrator and going forward with an arbitration, and failing that, to appoint an arbitrator for this dispute.

<div style="margin-left:50%">

The Plaintiff
LifeVoxel.AI Inc.

By its attorneys,

*/s/ Joe Sargent*
Joseph P. Sargent
1595 Black Rock Turnpike
Fairfield CT 06824
Ct17779
(203) 273-6730
FAX (203) 659-7360
Josephpsargent@optonline.com

</div>

I hereby certify that on July 27, 2023, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system.


*/s/ Joe Sargent*
Joseph P. Sargent