# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LifeVoxel.AI. Inc.,** | : | |
| | : | **CASE NO: 3:23-CV-00534** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **Kishore Mamillapalli,** | : | |
| | : | |
| **Defendant.** | : | **July  27,  2023** |

## DECLARATION OF JOSEPH P SARGENT IN SUPPORT OF CAPITOL'S MOTION TO COMPEL ARBITRATION

I, Joseph P. Sargent, believing in the obligations of an oath, and being over the age of 8 teen years, do hereby testified to the truth of the following based upon my personal knowledge and belief:

1) A true and Accurate copy of the employment agreement between LifeVoxel AI Inc. and **Kishore Mamillapalli**, is attached hereto as Appendix 1.

2) A true and accurate copy of the American Arbitration Association Employment Rules and Procedures is attached hereto as Appendix 2.

I make this declaration under oath and under the threat of perjury,

_____

Joseph P. Sargent



**LifeVoxel.AI Inc.**
**236 Tresser Blvd, 9th floor**
**Stamford, CT 06901**
**USA**

January 3, 2021

Kishore Mamillapalli

**Re: Offer Letter and Employment Agreement**

Dear Kishore Mamillapalli:

LifeVoxel.AI Inc. (the "Company") is pleased to offer you employment as a VP Business Development. The terms and conditions of the Company's offer of employment to you are outlined in this Offer Letter and Employment Agreement, together with all of its enclosures (collectively, Offer and Agreement).

1. **Employment Start Date.** Your employment start date is January 3rd, 2022.

2. **Position and Duties.** The Company is offering you employment with the Company as a VP Business Development. You will initially report to Kovey Kovalan and be based in San Diego, CA (with flexibility in work location). This is a full-time exempt position. You are expected to render services that are consistent with the duties and responsibilities of such position.

3. **Compensation.** You will receive an annual base salary of $140,000, payable on Company's payroll time-period (e.g., bi-monthly)] in accordance with the Company's regular payroll practices, as may be amended from time to time.

    (a)  Annual Bonus: Depending on yours and Company's performance to be determined annually through Company's bonus review committee.

    (b)  Annual Base Salary and Bonus will be evaluated and adjusted on an annual basis based on the company performance and individual's role in the company.

4. **Benefits.** The Company provides a competitive benefits package for its eligible employees. You will be eligible to participate in all of the Company's employee benefit programs, on the same terms and conditions as these programs are available to other full-time employees of the Company in a similar job position as you, subject to the conditions of these plans. You understand and acknowledge that the Company retains the right to amend, modify, rescind, delete, supplement or add to any of its existing employee benefit programs, at the Company's sole and absolute discretion, as permitted by law.

1

Appendix 1

5. **Employee Handbook.** The company shall provide you with an employee handbook that contains but not limited to Employment Basics, Workplace Policies, Code of Conduct, Benefits and Perks, Working Hours, PTO and Vacation, among others. You understand and acknowledge that the Company retains the right to amend, modify, rescind, delete, supplement or add to any of its existing employee benefit programs, at the Company's sole and absolute discretion, as permitted by law.

6. **Non-Disclosure of Prior Employers' Confidential Information; No Conflicting Obligations.** You will not disclose to the Company or induce the Company to use any confidential or proprietary information belonging to you, your former employer, any of your prior employers, or any other third party. You also represent and warrant that you have not taken or retained, and are not in possession of, any business materials or documents belonging to any former employer or any other prior employer or third party. You acknowledge that the Company has advised you that you are strictly prohibited from bringing such materials or documents onto the Company's premises, providing such materials or documents to Company personnel, or using them in connection with your employment with the Company.

   Further, you represent and warrant to the Company that the performance of your job duties for the Company will not violate, cause the breach of, or conflict with any prior agreement, contract, or understanding between you and any third party or otherwise violate any confidence of another. You represent and warrant that you are not subject to any post-employment restrictions that would prohibit or limit your employment by the Company.

   Moreover, you agree that you will not enter into any agreement, either written or oral, in conflict with this Offer and Agreement.

7. **Employment At-Will.** This Offer and Agreement does not constitute a contract of employment for any period of time. Your employment with the Company will be on at at-will basis which means your employment may be terminated at any time by you or the Company, with or without cause and with or without advance notice. The at-will nature of the employment relationship shall not be modified or amended except by written agreement signed by an authorized officer of the Company and you.

8. **Company Policies.** At all times during your employment, you are expected to observe, respect and comply with all policies and procedures of the Company, whether written or oral.

9. **Proprietary Information and Invention Agreement.** As a material condition of your employment with the Company, you will be required to sign the Company's Proprietary Information and Inventions Agreement, a copy of which is included with this letter. You must sign this Agreement on or before the first day of employment.

10. **Employment Eligibility.** Your employment with the Company is contingent upon completing the I (Employment Eligibility Verification) within your first three days of employment. Review the "List of Acceptable Documents" contained on the enclosed I-9 Form. On your first day of employment, bring the Form I-9 plus the required original

2

Appendix 1

documentation specified in the "List of Acceptable Documents." You must complete, sign, and date Section 1 of Form I-9 in front of your immediate manager or a Company designee and present the original required documentation to establish your identity and employment authorization.

11. **Employment Screening.** Your employment at the Company is contingent upon your satisfactory completion and passing of employment screening that includes [list of applicable requirements, e.g., criminal background, reference checks, employment and education history verification, medical exams, drug testing, credit checks, or other pre-employment screenings]. You understand and agree that, during your employment, the Company may require you to consent to and satisfactorily complete additional periodic employment screening.

12. **Employment State Law**: Please refer to Appendix A.

13. **Governing Law.** The validity, interpretation, construction and performance of this Offer and Agreement will be governed by the laws of Connecticut, without regard to its choice-of-law rules.

14. **Arbitration.** The following provisions shall be governed by the Federal Arbitration Act:

    (a)    Employee and the Company agree that any and all disputes that may arise in connection with, arise out of or in any way broadly relate to this Agreement, or any dispute that relates in any way, in whole or in part, to Employee 's hiring by, employment with or separation from the Company, or any other dispute by and between Employee , on the one hand, and the Company, its parent, subsidiary and affiliated corporations and entities, and each of their respective officers, directors, agents and employees, on the other hand, shall be submitted to binding arbitration before a neutral arbitrator. This arbitration obligation extends to any and all claims that may arise by and between the Parties and, except as expressly required by applicable law, extends to, without limitation, claims or causes of action for wrongful termination, impairment of ability to compete in the open labor market, breach of express or implied contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, breach of duty of loyalty, fraud, misrepresentation, defamation, slander, infliction of emotional distress, discrimination, harassment, disability, loss of future earnings, and claims under any applicable state Constitution, the United States Constitution, and applicable state and federal fair employment laws, federal equal employment opportunity laws, and federal and state labor statutes and regulations, including, but not limited to, the Civil Rights Act of 1964, as amended, the Fair Labor Standards Act, as amended, the Worker Retraining and Notification Act of 1988, as amended, the Americans With Disabilities Act of 1990, as amended, the Rehabilitation Act of 1973, as amended, the Family Medical Leave Act, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Age Discrimination in Employment Act, as amended, and all other applicable state or federal laws. The Company and Employee understand and agree that arbitration of the disputes and claims covered by this Agreement shall be the sole

3

Appendix 1

and exclusive method of resolving any and all existing and future disputes or claims arising by and between the Parties; provided, however, nothing in this Agreement should be interpreted as restricting or prohibiting Employee from filing a charge or complaint with a federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation, but any dispute or claim that is not resolved through the federal, state, or local agency must be submitted to arbitration in accordance with this Agreement.

(b)    The Company and Employee further understand and agree that claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance are not covered by this Agreement and shall therefore be resolved in any appropriate forum, including the Workers' Compensation Appeals Board, as required by the laws then in effect. Employee and the Company further understand and agree that nothing in this arbitration provision should be interpreted as restricting or prohibiting Employee from filing a charge or complaint with a federal administrative agency charged with investigating and/or prosecuting complaints under any applicable law or regulation including, but not limited to, the Equal Employment Opportunity Commission or National Labor Relations Board. However, any dispute or claim that is not resolved through the federal agency must be submitted to arbitration in accordance with this Agreement.

(c)    Any demand for arbitration by either Employee or the Company shall be served or filed within the statute of limitations that is applicable to the claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame and according to these rules shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration to the same extent such claims would be barred if the matter proceeded in court (along with the same defenses to such claims).

(d)    The Parties shall select a mutually agreeable arbitrator (who shall be a retired judge) from a list of arbitrators provided by JAMS, ADR Services, ARC, or Judicate West. The arbitration shall take place in Fairfield County, Connecticut. The arbitration shall be conducted in accordance with the American Arbitration Association Arbitration Rules & Mediation Procedures.

(e)    This arbitration agreement shall be governed by and construed and enforced pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and not individual state laws regarding enforcement of arbitration agreements or otherwise. The Arbitrator shall allow reasonable discovery to prepare for arbitration of any claims. Nothing in this Agreement relieves either Party from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement. Notwithstanding anything in this Agreement to the contrary, the review of any arbitration award pursuant to this Section 16 shall be conducted pursuant to applicable state law and not the Federal Arbitration Act and such review may extend to de novo review of errors of law if otherwise allowed under applicable state law.

(f)    In any arbitration proceeding under this Agreement, the Arbitrator shall issue a written award that sets forth the essential findings and conclusions on which the

4

Appendix 1

award is based.  The Arbitrator shall have the authority to award any relief authorized by law in connection with the asserted claims or disputes.  The Arbitrator's award shall be subject to correction, confirmation, or vacation, as provided by any applicable governing judicial review of arbitration awards.

(g)   The fees of the Arbitrator and all arbitration related costs shall be allocated and paid in accordance with applicable law; provided, however, unless expressly prohibited by applicable law, each party shall pay half of the arbitration-related fees and costs. Except as otherwise required under applicable law (or the Parties' agreement), the Company and Employee  shall each pay their own attorneys' fees and costs incurred in connection with the arbitration, and the Arbitrator will not have authority to award attorneys' fees and costs unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees and costs to the prevailing Party, in which case the Arbitrator shall have the authority to make an award of attorneys' fees and costs to the same extent available under applicable law.  If there is a dispute as to whether the Company or Employee is the prevailing Party in the arbitration, the Arbitrator will decide this issue.

**THE ARBITRATION OF DISPUTES AND CLAIMS UNDER THIS AGREEMENT SHALL BE INSTEAD OF A TRIAL BEFORE A COURT OR JURY AND THE COMPANY AND EMPLOYEE  UNDERSTAND THAT THEY ARE EXPRESSLY WAIVING ANY AND ALL RIGHTS TO A TRIAL BEFORE A COURT AND/OR JURY REGARDING ANY DISPUTES AND CLAIMS WHICH THEY NOW HAVE OR WHICH THEY MAY IN THE FUTURE HAVE THAT ARE SUBJECT TO ARBITRATION UNDER THIS AGREEMENT; PROVIDED, HOWEVER, NOTHING IN THIS AGREEMENT PROHIBITS EITHER PARTY FROM SEEKING PROVISIONAL REMEDIES IN COURT IN AID OF ARBITRATION INCLUDING TEMPORARY RESTRAINING ORDERS, PRELIMINARY INJUNCTIONS AND OTHER PROVISIONAL REMEDIES.**

Employee  Initials _____

15. **Waiver.** No waiver by the Company of any breach of this Offer and Agreement will be a waiver of any preceding or succeeding breach. No waiver by the Company of any right under this Offer and Agreement will be construed as a waiver of any other right. The Company will not be required to give notice to enforce strict adherence to all terms of this Offer and Agreement.

16. **Severability.** If any provision, term, covenant or obligation of this Offer and Agreement, or its application, is held invalid, unenforceable, or unlawful, such invalidity, unenforceability, or unlawfulness, shall not affect the other provisions, terms, covenants, or obligations of this Offer and Agreement, or their application, which all shall remain valid and enforceable in full force and effect to the extent permitted by law.

17. **Survival.** The provisions of this Offer and Agreement, shall survive a termination of your employment with the Company.

Appendix 1

**18. Section Headings.** The section headings appearing in this Offer and Agreement have been inserted for the purpose of convenience and reference only and shall not limit or affect the meaning or interpretation of this Offer and Agreement in any way whatsoever.

**19. Notices.** Any notices required or permitted hereunder shall be given to the appropriate party at the address specified below or at such other address as the party shall specify in writing. Such notice shall be deemed given upon personal delivery to the appropriate address or, if sent by certified or registered mail, 4 days after the date of mailing.

**20. Entire Agreement.** This Offer and Agreement, which includes all enclosures, sets forth the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements of the parties, whether oral or written.

Appendix 1

Please signify your acceptance of this Offer and Agreement by signing below and returning the signed document to [name and title of company representative] at [address] on or before [date].

Sincerely,

_____

Kovey Kovalan
Founder & CEO
LifeVoxcel.AI Inc.
236 Tresser Blvd, 9th floor
Stamford, CT 06901
Dated:_____

_____

Employee
Street address
City, State, zip
email

9405 CACTI LN
Panorama City CA91402
LISHDRKELAE GMAIL.COM

Enclosures

Proprietary Information and Inventions Agreement

State Law Appendix A Attachment

Appendix 1

# Employment

## Arbitration Rules and Mediation Procedures



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/employment**

Rule 38 – Serving of Notice, Revised January 1, 2023
Fee Schedule Amended and Effective January 1, 2023

Appendix 2

## Regional Vice Presidents and Assistant Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania**
Kenneth Egger
Vice President
Phone: 215.731.2281
Email: EggerK@adr.org

**States: Colorado, Illinois, Iowa, Kansas, Michigan, Minnesota, Missouri, Montana, Nebraska, New Mexico, North Dakota, South Dakota, Wisconsin, Wyoming**
Jan Holdinski
Vice President
Phone: 248.352.5509
Email: HoldinskiJ@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, New York, Vermont**
Ann Lesser, Esq.
Vice President
Phone: 212.484.4084
Email: LesserA@adr.org

**States: Arkansas, Indiana, Kentucky, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Virginia, West Virginia**
Aaron Schmidt
Vice President
Phone: 440.596.3789
Email: SchmidtA@adr.org

**States: Alaska, Arizona, California, Hawaii, Idaho, Nevada, Oregon, Utah, Washington**
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org

**States: Alabama, Florida, Georgia, Louisiana, Mississippi, Texas**
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org

**States: Rhode Island**
Heather Santo
Assistant Vice President
Phone: 866.293.4053
Email: SantoH@adr.org

## Case Management Vice President and Assistant Vice Presidents

Southeast Case Management Center
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, Ohio, Puerto Rico, South Carolina, Tennessee, US Virgin Islands, Virginia**

Northeast Case Management Center
Heather Santo
Assistant Vice President
Phone: 866.293.4053
Email: SantoH@adr.org
**Administers cases in Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, Vermont, West Virginia**

Western Case Management Center
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org
**Administers cases in Alaska, Arizona, California, Hawaii, Idaho, Nevada, Oregon, Utah, Washington**

Central Case Management Center
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in Colorado, Illinois, Indiana, Iowa, Kansas, Minnesota, Missouri, Montana, Nebraska, New Mexico, North Dakota, Oklahoma, South Dakota, Texas, Wisconsin, Wyoming**

Appendix 2

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

The Employment Due Process Protocol . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

AAA's Employment ADR Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Designing an ADR Program . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Types of Disputes Covered . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Employment Arbitration Rules and Mediation Procedures . . . . . . . . . . . . . . . . . . . .   10

   1. Applicable Rules of Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

   2. Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

   3. AAA as Administrator of the Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

   4. Initiation of Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

   5. Changes of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

   6. Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

   7. Administrative and Mediation Conferences . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

   8. Arbitration Management Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

   9. Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

   10. Fixing of Locale (the city, county, state, territory, and/or country of the
   Arbitration) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

   11. Date, Time and Place (the physical site of the hearing within the designated
   locale) of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

   12. Number, Qualifications and Appointment of Neutral Arbitrators . . . . . . . . . . . . . . .   15

   13. Party Appointed Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

   14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties . . . . . . . . . .   16

   15. Disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

   16. Disqualification of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

   17. Communication with Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

   18. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

   19. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

   20. Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

   21. Interpreters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

   22. Attendance at Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

   23. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

   24. Postponements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

   25. Oaths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

Appendix 2

26. Majority Decision ............................................................ 19

27. Dispositive Motions ......................................................... 19

28. Order of Proceedings ........................................................ 19

29. Arbitration in the Absence of a Party or Representative .................... 20

30. Evidence .................................................................... 21

31. Inspection .................................................................. 21

32. Interim Measures ............................................................ 21

33. Closing of Hearing .......................................................... 22

34. Reopening of Hearing ........................................................ 22

35. Waiver of Oral Hearing ...................................................... 22

36. Waiver of Objection/Lack of Compliance with These Rules .................... 22

37. Extensions of Time .......................................................... 23

38. Serving of Notice ........................................................... 23

39. The Award ................................................................... 23

40. Modification of Award ....................................................... 24

41. Release of Documents for Judicial Proceedings ............................... 24

42. Applications to Court ....................................................... 24

43. Administrative Fees ......................................................... 25

44. Neutral Arbitrator's Compensation .......................................... 25

45. Expenses .................................................................... 26

46. Deposits .................................................................... 26

47. Suspension for Non-Payment .................................................. 26

48. Interpretation and Application of Rules ..................................... 26

**AAA Administrative Fees for Employment/Workplace Cases** ..................... 26

**Optional Rules for Emergency Measures of Protection** ........................ 27

O-1. Applicability ............................................................. 27

O-2. Appointment of Emergency Arbitrator ....................................... 27

O-3. Schedule .................................................................. 27

O-4. Interim Award ............................................................. 27

O-5. Constitution of the Panel ................................................. 28

O-6. Security .................................................................. 28

O-7. Special Master ............................................................ 28

O-8. Costs ..................................................................... 28

Appendix 2

**Employment Mediation Procedures** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

M-1. Agreement of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

M-2. Initiation of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

M-3. Fixing of Locale (the city, county, state, territory and, if applicable, country of the mediation) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

M-4. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

M-5. Appointment of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

M-6. Mediator's Impartiality and Duty to Disclose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

M-7. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

M-8. Duties and Responsibilities of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

M-9. Responsibilities of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

M-10. Privacy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

M-11. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

M-12. No Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

M-13. Termination of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

M-14. Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

M-15. Interpretation and Application of Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

M-16. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

M-17. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

M-18. Cost of the Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Appendix 2

# Employment Arbitration Rules and Mediation Procedures

## Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, sexual orientation, national origin, age and disability.

As courts and administrative agencies become less accessible to civil litigants, alternative dispute resolution (ADR) procedures have become more common in contracts of employment, personnel manuals, and employee handbooks as a means of resolving workplace disputes privately, promptly and economically. Millions of workers are now covered by employment ADR clauses administered by the American Arbitration Association (AAA).

The American Arbitration Association, a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, and all levels of government. Services are available through AAA headquarters in New York City and offices in major cities throughout the United States and internationally. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on various forms of alternative dispute resolution.

## The Employment Due Process Protocol

The Employment Due Process Protocol was developed in 1995 by a special Task Force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The Due Process Protocol, which was endorsed

Appendix 2

by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. It encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The Due Process Protocol "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The Due Process Protocol has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the Due Process Protocol.

It has been incorporated into the Report of the United States Secretary of Labor's *Task Force in Excellence in State and Local Government* and cited with approval in numerous court opinions.

## AAA's Employment ADR Rules

On June 1, 1996, the Association issued National Rules for the Resolution of Employment Disputes (now known as the *Employment Arbitration Rules and Mediation Procedures).* The rules reflected the guidelines outlined in the Due Process Protocol and were based upon the AAA's California Employment Dispute Resolution Rules, which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes and included procedures which ensure due process in both the mediation and arbitration of employment disputes. The rules enabled parties to have complaints heard by an impartial person of their joint selection, with expertise in the employment field.

## AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of employment

Appendix 2

disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *Employment Arbitration Rules and Mediation Procedures* and the Due Process Protocol. If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *Employment Arbitration Rules and Mediation Procedures* and the Due Process Protocol, the Association may decline to administer cases under that program. Other issues will be presented to the arbitrator for determination.

## Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it should at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043; Email: **casefiling@adr.org.**

## Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception.

The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom. A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review and internal mediation. The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.

Programs which use arbitration as a final step may employ:

- pre-dispute, voluntary final and binding arbitration;
- pre-dispute, mandatory nonbinding arbitration;
- pre-dispute, mandatory final and binding arbitration; or
- post-dispute, voluntary final and binding arbitration.

Appendix 2

Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *Employment Arbitration Rules and Mediation Procedures* and the *Employment Due Process Protocol*.

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide*, which is available from the AAA's website, **www.adr.org.**

## Types of Disputes Covered

These dispute resolution procedures were developed for arbitration agreements contained in employee personnel manuals, an employment application of an individual employment agreement, independent contractor agreements for workplace disputes and other types of employment agreements or workplace agreements, or can be used for a specific dispute. They do not apply to disputes arising out of collective bargaining agreements.

Appendix 2

## Employment Arbitration Rules and Mediation Procedures

### 1. Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its Employment Arbitration Rules and Mediation Procedures or for arbitration by the AAA of an employment dispute without specifying particular rules*. If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court. These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA.

*  *The National Rules for the Resolution of Employment Disputes have been re-named the Employment Arbitration Rules and Mediation Procedures. Any arbitration agreements providing for arbitration under its National Rules for the Resolution of Employment Disputes shall be administered pursuant to these Employment Arbitration Rules and Mediation Procedures.*

### 2. Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program:

  i.  notify the Association of its intention to do so and,

  ii.  provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

Appendix 2

### 3. AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

### 4. Initiation of Arbitration

Arbitration shall be initiated in the following manner.

**a.** The parties may submit a joint request for arbitration.

**b.** In the absence of a joint request for arbitration:

    **(i)** The initiating party (hereinafter "Claimant[s]") shall:

        **(1)** File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

        **(2)** Simultaneously provide a copy of the Demand to the other party (hereinafter "Respondent[s]").

        **(3)** Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

    **(ii)** The Respondent(s) may file an Answer with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Claimant. If no answering statement is filed within the stated time, Respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

    **(iii)** The Respondent(s):

        **(1)** May file a counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.

## Appendix 2

**(2)** Simultaneously shall send a copy of any counterclaim to the Claimant.

**(3)** Shall include with its filing the applicable filing fee provided for by these rules.

**(iv)** The Claimant may file an Answer to the counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Respondent(s). If no answering statement is filed within the stated time, Claimant will be deemed to deny the counterclaim. Failure to file an answering statement shall not operate to delay the arbitration.

**c.** The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously provide a copy to the other party(s), who shall have 15 days from the date of such transmittal within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Jurisdiction

**a.** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

**b.** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**c.** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## 7. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the

Appendix 2

administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Procedures to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual written agreement of the parties. There is no additional filing fee for initiating a mediation under the AAA Mediation Procedures for parties to a pending arbitration.

## 8. Arbitration Management Conference

As promptly as practicable after the selection of the arbitrator(s), but not later than 60 days thereafter, an arbitration management conference shall be held among the parties and/or their attorneys or other representatives and the arbitrator(s). Unless the parties agree otherwise, the Arbitration Management Conference will be conducted by telephone conference call rather than in person. At the Arbitration Management Conference the matters to be considered shall include, without limitation:

    i.   the issues to be arbitrated;

    ii.  the date, time, place, and estimated duration of the hearing;

    iii. the resolution of outstanding discovery issues and establishment of discovery parameters;

    iv. the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;

    v.  the exchange of stipulations and declarations regarding facts, exhibits, witnesses, and other issues;

    vi. the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;

    vii. the value of bifurcating the arbitration into a liability phase and damages phase;

    viii. the need for a stenographic record;

    ix. whether the parties will summarize their arguments orally or in writing;

    x.  the form of the award;

    xi. any other issues relating to the subject or conduct of the arbitration;

    xii. the allocation of attorney's fees and costs;

    xiii. the specification of undisclosed claims;

Appendix 2

**xiv.** the extent to which documentary evidence may be submitted at the hearing;

**xv.** the extent to which testimony may be admitted at the hearing telephonically, over the internet, by written or video-taped deposition, by affidavit, or by any other means;

**xvi.** any disputes over the AAA's determination regarding whether the dispute arose from an individually-negotiated employment agreement or contract, or from an employer plan (see Costs of Arbitration section).

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The AAA does not require notice of discovery related matters and communications unless a dispute arises. At that time, the parties should notify the AAA of the dispute so that it may be presented to the arbitrator for determination.

## 10. Fixing of Locale (the city, county, state, territory, and/or country of the Arbitration)

If the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator(s), after their appointment to make a final determination on the locale. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

## 11. Date, Time and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

Appendix 2

## 12. Number, Qualifications and Appointment of Neutral Arbitrators

**a.** If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator.

**b.** Qualifications

  **i.** Neutral arbitrators serving under these rules shall be experienced in the field of employment law.

  **ii.** Neutral arbitrators serving under these rules shall have no personal or financial interest in the results of the proceeding in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.

  **iii.** The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background, and qualifications.

  **iv.** The AAA may, upon request of a party within the time set to return their list or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually-negotiated employment contracts with persons from the Commercial Roster, to allow the AAA to respond to the particular need of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

**c.** If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:

  **i.** Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

  **ii.** If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.

  **iii.** From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

Appendix 2

## 13. Party Appointed Arbitrators

**a.** If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.

**b.** Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-16 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-16(a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards. The notice of appointment, with the name, address, and contact information of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

**c.** If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

**d.** If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## 14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

**a.** If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

**b.** If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

**c.** If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

## 15. Disclosure

**a.** Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

Appendix 2

**b.** Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

**c.** In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-15 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

## 16. Disqualification of Arbitrator

**a.** Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

   **i.** partiality or lack of independence,

   **ii.** inability or refusal to perform his or her duties with diligence and in good faith, and

   **iii.** any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

**b.** Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## 17. Communication with Arbitrator

**a.** No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate *ex parte* with a candidate for direct appointment pursuant to Section R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

**b.** Section R-17(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-16(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-16(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-17(a) should nonetheless apply prospectively.

Appendix 2

## 18. Vacancies

**a.** If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.

**b.** In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

**c.** In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## 19. Representation

Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 20. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcripts agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 21. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## 22. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also

# Appendix 2

shall have the authority to decide whether any person who is not a witness may attend the hearing.

## 23. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

## 24. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

## 25. Oaths

Before proceeding with the first hearing, each arbitrator shall take an oath of office. The oath shall be provided to the parties prior to the first hearing. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## 26. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

## 27. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## 28. Order of Proceedings

A hearing may be opened by: (1) recording the date, time, and place of the hearing; (2) recording the presence of the arbitrator, the parties, and their representatives, if any; and (3) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

Appendix 2

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute. When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including web conferencing, internet communication, telephonic conferences and means other than an in-person presentation of evidence. Such alternative means must still afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and when involving witnesses, provide that such witness submit to direct and cross-examination.

The arbitrator, in exercising his or her discretion, shall conduct the proceedings with a view toward expediting the resolution of the dispute, may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

## 29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

Appendix 2

## 30. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party or arbitrator is absent, in default, or has waived the right to be present, however "presence" should not be construed to mandate that the parties and arbitrators must be physically present in the same location.

An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

## 31. Inspection

Upon the request of a party, the arbitrator may make an inspection in connection with the arbitration. The arbitrator shall set the date and time, and the AAA shall notify the parties. In the event that one or all parties are not present during the inspection, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## 32. Interim Measures

At the request of any party, the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court, as stated in Rule 39(d), Award.

Appendix 2

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## 33. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Rule 30 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

## 34. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for good cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

## 35. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings. If the parties are unable to agree as to the procedure, upon the appointment of the arbitrator, the arbitrator shall specify a fair and equitable procedure.

## 36. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing or in a transcribed record, shall be deemed to have waived the right to object.

Appendix 2

## 37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## 38. Serving of Notice

**a.** Any papers or notices necessary for the initiation or continuation of an arbitration under these Rules, or for the entry of judgment on any award made under these Rules may be served on a party by mail or email addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held.

**b.** The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), or electronic mail (email) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be sent by other methods of communication or other platforms as directed by the AAA.

**c.** Unless otherwise instructed by the AAA or by the arbitrator, any party submitting any documents or written communication to another party, the AAA or to the arbitrator shall simultaneously provide that material to all other participants, including the AAA.

**d.** Failure to provide the other party with copies of communications provided to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained within those communications.

**e.** The AAA may direct that any oral or written communications sent by a party or their representative shall be sent in a particular manner. The failure of a party or their representative to comply with any such direction may result in the AAA's refusal to consider the issue raised in the communication.

**f.** The AAA may initiate administrative communications with the parties or their representatives either jointly or individually.

**g.** Any method of service on or notice to a party must be made in such a manner to provide that party with reasonable opportunity to be heard with regard to the dispute.

## 39. The Award

**a.** The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. Three additional days are provided if briefs are to be filed or other documents are to be transmitted pursuant to Rule 30.

Appendix 2

**b.** An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

**c.** The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

**d.** The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section.

**e.** If the parties settle their dispute during the course of the arbitration and mutually request, the arbitrator may set forth the terms of the settlement in a consent award.

**f.** The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

**g.** The arbitrator's award shall be final and binding.

## 40. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed.

## 41. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

## 42. Applications to Court

**a.** No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

Appendix 2

**b.** Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.

**c.** Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.

**d.** Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

## 43. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Costs of Arbitration section. The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our website at **www.adr.org**).

## 44. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

Arbitrator compensation shall be borne in accordance with the Costs of Arbitration section.

Appendix 2

### 45. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator shall be borne in accordance with the Costs of Arbitration section.

### 46. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

### 47. Suspension for Non-Payment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate the proceedings.

### 48. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

## AAA Administrative Fees for Employment/Workplace Cases

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT
***www.adr.org/employmentfeeschedule.***

Appendix 2

## Optional Rules for Emergency Measures of Protection

### O-1. Applicability

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

### O-2. Appointment of Emergency Arbitrator

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special AAA panel of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

### O-3. Schedule

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.

### O-4. Interim Award

If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage will result in the absence of emergency relief, and that such party is entitled to

Appendix 2

such relief, the emergency arbitrator may enter an interim award granting the relief and stating the reasons therefore.

## O-5. Constitution of the Panel

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

## O-6. Security

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

## O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

## O-8. Costs

The costs associated with applications for emergency relief shall be apportioned in the same manner as set forth in the Costs of Arbitration section.

Appendix 2

## Employment Mediation Procedures

### M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (AAA) or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedures, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

### M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a Request for Mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for Mediation may also be filed online via AAA WebFile® at **www.adr.org.**

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

i.   A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.

ii.  The names, regular mail addresses, email addresses (if available), and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.

iii. A brief statement of the nature of the dispute and the relief requested.

iv.  Any specific qualifications the mediator should possess.

Where there is no preexisting stipulation or contract by which the parties have provided for mediation of existing or future disputes under the auspices of the AAA, a party may request the AAA to invite another party to participate in "mediation by voluntary submission". Upon receipt of such a request, the AAA will contact the other party or parties involved in the dispute and attempt to obtain a submission to mediation.

Appendix 2

## M-3. Fixing of Locale (the city, county, state, territory and, if applicable, country of the mediation)

i. When the parties' agreement to mediate is silent with respect to locale and the parties are unable to agree upon a locale, the AAA shall have the authority to consider the parties' arguments and determine the locale.

ii. When the parties' agreement to mediate requires a specific locale, absent the parties' agreement to change it, the locale shall be that specified in the agreement to mediate.

iii. If the reference to a locale in the agreement to mediate is ambiguous, the AAA shall have the authority to consider the parties' arguments and determine the locale.

## M-4. Representation

Any party may participate without representation (*pro se*), or by any representative of that party's choosing, or by counsel, unless such choice is prohibited by applicable law. A party intending to have representation shall notify the other party and the AAA of the name, telephone number and address, and email address if available of the representative.

## M-5. Appointment of the Mediator

Parties may search the online profiles of the AAA's Panel of Mediators at **www.aaamediation.org** in an effort to agree on a mediator. If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

i. Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.

ii. If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable to that party. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.

iii. If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

Appendix 2

## M-6. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-7. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-5.

## M-8. Duties and Responsibilities of the Mediator

i.  The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

ii.  The mediator is authorized to conduct separate or *ex parte* meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications

Appendix 2

may be conducted via telephone, in writing, via email, online, in person or otherwise.

iii. The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

iv. The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

v. In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

vi. The mediator is not a legal representative of any party and has no fiduciary duty to any party.

vii. The mediator shall set the date, time, and place for each session of the mediation conference. The parties shall respond to requests for conference dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established conference schedule. The AAA shall provide notice of the conference to the parties in advance of the conference date, when timing permits.

## M-9. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference. Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-10. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

American Arbitration Association

Appendix 2

## M-11. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

 i. Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;

 ii. Admissions made by a party or other participant in the course of the mediation proceedings;

 iii. Proposals made or views expressed by the mediator; or

 iv. The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-12. No Stenographic Record

There shall be no stenographic record of the mediation process.

## M-13. Termination of Mediation

The mediation shall be terminated:

 i. By the execution of a settlement agreement by the parties; or

 ii. By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

 iii. By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or

 iv. When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

Rule 38 – Serving of Notice, Revised January 1, 2023. Fee Schedule Amended and Effective January 1, 2023.   EMPLOYMENT RULES   **33**

Appendix 2

### M-14. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures. Parties to a mediation under these procedures may not call the mediator, the AAA or AAA employees as a witness in litigation or any other proceeding relating to the mediation. The mediator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

### M-15. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

### M-16. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

### M-17. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne by the company unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

### M-18. Cost of the Mediation

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT *www.adr.org/employmentfeeschedule.*

Appendix 2

Appendix 2

© 2020 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

Appendix 2

## Regional Vice Presidents and Assistant Vice Presidents

**States: Delaware, District of Columbia, Maryland,**
**New Jersey, Pennsylvania**
Kenneth Egger
Vice President
Phone: 215.731.2281
Email: EggerK@adr.org

**States: Colorado, Illinois, Iowa, Kansas, Michigan,**
**Minnesota, Missouri, Montana, Nebraska,**
**New Mexico, North Dakota, South Dakota,**
**Wisconsin, Wyoming**
Jan Holdinski
Vice President
Phone: 248.352.5509
Email: HoldinskiJ@adr.org

**States: Connecticut, Maine, Massachusetts,**
**New Hampshire, New York, Vermont**
Ann Lesser, Esq.
Vice President
Phone: 212.484.4084
Email: LesserA@adr.org

**States: Arkansas, Indiana, Kentucky, North Carolina,**
**Ohio, Oklahoma, South Carolina, Tennessee,**
**Virginia, West Virginia**
Aaron Schmidt
Vice President
Phone: 440.596.3789
Email: SchmidtA@adr.org

**States: Alaska, Arizona, California, Hawaii, Idaho,**
**Nevada, Oregon, Utah, Washington**
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org

**States: Alabama, Florida, Georgia, Louisiana,**
**Mississippi, Texas**
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org

**States: Rhode Island**
Heather Santo
Assistant Vice President
Phone: 866.293.4053
Email: SantoH@adr.org

## Case Management Vice President and Assistant Vice Presidents

Southeast Case Management Center
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in Alabama, Arkansas, Florida,**
**Georgia, Kentucky, Louisiana, Mississippi,**
**North Carolina, Ohio, Puerto Rico, South Carolina,**
**Tennessee, US Virgin Islands, Virginia**

Northeast Case Management Center
Heather Santo
Assistant Vice President
Phone: 866.293.4053
Email: SantoH@adr.org
**Administers cases in Connecticut, Delaware,**
**District of Columbia, Maine, Maryland,**
**Massachusetts, Michigan, New Hampshire,**
**New Jersey, New York, Pennsylvania, Rhode Island,**
**Vermont, West Virginia**

Western Case Management Center
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org
**Administers cases in Alaska, Arizona, California,**
**Hawaii, Idaho, Nevada, Oregon, Utah, Washington**

Central Case Management Center
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in Colorado, Illinois, Indiana,**
**Iowa, Kansas, Minnesota, Missouri, Montana,**
**Nebraska, New Mexico, North Dakota, Oklahoma,**
**South Dakota, Texas, Wisconsin, Wyoming**



AMERICAN ARBITRATION ASSOCIATION®

800.778.7879 | website | email@adr.org | adr.org

Appendix 2